```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                 *
THE VERIZON EMPLOYEE
BENEFITS COMMITTEE               *

     Plaintiff,                  *
                                         CIVIL NO.: WDQ-06-3022
v.                               *

JOHN HEINLEIN,                   *

     Defendant.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Verizon Employee Benefits Committee ("Verizon") sued John Heinlein to recoup overpayments of benefits from the Verizon Management Pension Plan (the "Plan") made as a result of an administrative error.

Pending is Heinlein's motion for judgment on the pleadings or in the alternative for summary judgment and Verizon's motion for leave to file a surreply. For the reasons discussed below Heinlein's motion will be granted, and Verizon's motion will be denied.

I.   Background

On October 28, 2005, Verizon filed suit in the United States District Court for the Northern District of Texas in Dallas, Texas. On November 8, 2006, that court transferred venue pursuant to 28 U.S.C. § 1404(a) to the District of Maryland.

Paper No. 35 ("Venue Transfer Mem. Op.").

Heinlein worked for Verizon, its subsidiaries or predecessor corporations from August 23, 1965 until he retired on December 30, 1995.  Second Am. Compl. ¶ 5.  At that time he received a lump sum pension distribution of $182,810.58.  *Id*.  Verizon rehired Heinlein on April 29, 1996, and Heinlein retired a second time on June 8, 2002.  *Id*. ¶ 6.  In September 2002, following his second retirement, Verizon again paid him a lump sum pension distribution, this time, however, he received $390,749.89.  *Id*.  Verizon asserts that Heinlein was actually entitled to $204,923.38.  *Id*. ¶ 7.  Verizon seeks "equitable recovery" of the overpayment, $185,826.51.  Mem. Opp. Mot. at 3.

II.  Analysis

Heinlein has moved for judgment on the pleadings under Federal Rule of Civil Procedure ("FRCP") 12(c) or, in the alternative, for summary judgment arguing that Verizon's suit is barred by Maryland's three year statute of limitations for such actions.  Verizon counters that Texas's four year statute of limitations is the applicable law.[1]  Heinlein responds that even if Texas law is to be applied, the appropriate statute of limitations is two years under Texas law for unjust enrichment

---

[1] Verizon concedes that if Maryland law applied then the three year statute of limitations would apply.  Mem. Opp. Mot. at 5.

2

actions.  As there is no dispute as to the dates at issue,[2] the only question is which statute of limitations should be applied to those dates.

Verizon has also argued that the motion is not ripe for consideration under FRCP 12(c) because, at the time of its filing, pleadings were not closed.  As pleadings have since closed and the Court will entertain Verizon's second amended complaint in considering Heinlein's motion, the Court rejects Verizon's argument.  As the Court proceeds under FRCP 12(c),[3] it will not consider Verizon's argument that Heinlein's motion cannot be considered under FRCP 56 because Heinlein has not presented matters outside the pleadings to the court.

A.  Standard of Review

Under Rule 12(c), a defense of failure to state a claim upon which relief may be granted may be raised in a motion for judgment on the pleadings.  *Nat'l Cas. Co. v. Lockheed Martin Corp.*, 415 F.Supp.2d 596, 600 (D. Md. 2006).  In reviewing such a motion, the court should apply the standard for a Rule 12(b)(6)

---

[2] Indeed, the dates are alleged by Verizon in its Second Amended Complaint.

[3] Raising the statute of limitations as a bar to plaintiff's cause of action is appropriate under FRCP 12(c).  *West v. ITT Continental Baking Co.*, 683 F.2d 845, 846 (4th Cir. 1982) (upholding the district court's decision to dismiss a complaint under 12(c) for violating the appropriate statute of limitations).

motion.  *Id.* (*citing Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)).

A 12(c) motion should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (discussing Rule 12(b)(6)), *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993) (discussing Rule 12(b)(6)).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *See Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(c) motion, the court will consider the facts stated in the complaint and any attached documents.  *See Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997), *aff'd* 151 F.3d 180 (4th Cir. 1998) (discussing Rule 12(b)(6)).  The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *See id.*

B.  Choice of Law

The parties agree that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, does not contain any statute of limitations applicable to an action to recover benefits paid in error.  Mem Supp. Mot. at 2; Mem Opp. Mot. at 5.  Accordingly, the Court must determine which statute of limitations, if any, applies.

4

Generally, the forum state's choice of law rules determine which law to apply to state law issues in federal court. *Micrins Surgical, Inc. v. Neuroregen, LLC*, 2004 WL 1697837, *2 (D. Md. 2004) (*citing Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4 (1975) (per curiam)). However, when a case is transferred under 28 U.S.C. § 1404(a) the transferee court must apply the laws of the state of the transferor court, including that state's choice of law rules. *Myelle v. American Cyanamid Co.*, 57 F.3d 411, 413 (4th Cir. 1995). Accordingly, Texas's choice of law rules apply here.

Texas courts apply "the 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws (1971) for all choice of law cases except contract cases in which the parties have agreed to a valid choice of law clause." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). As no choice of law provision exists, the Court considers the following factors under the test: (1) "the needs of the interstate and international systems;" (2) "the relevant policies of the forum;" (3) "the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;" (4) "the protection of justified expectations;" (5) "the basic policies underlying the particular field of law;" (6) "certainty, predictability, and uniformity of result;" and (7) "ease in determination and application of the

law to be applied."  *Id*. at 403-04 (*citing* Restatement (2nd) of Conflict of Laws § 6(2) (1971)).

The restatement has individual sections addressing application of the "most significant relationship" test to particular issues; of potential relevance here are § 188 (governing contract disputes) and § 221 (governing claims for unjust enrichment).  *Id*. at 404.

Here, Verizon does not seek to enforce particular contractual duties.  Indeed, as it does not identify any contractual provision governing the return of overpayments, there is no evidence that Heinlein breached a contractual duty. Moreover, Verizon's stated purpose for the suit is to "recoup overpayments . . . made . . . as a result of administrative error," not breach of contract.  Second Am. Compl. Alternatively, unjust enrichment "is applicable where the defendant upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money."  *Hill v. Cross Country Settlements, LLC*, 172 Md. App. 350, 360 (2007).  As Verizon simply paid more than it was contractually obligated to pay, Heinlein's receipt of the overpayments can only be considered an 'unjust enrichment' that resulted from Verizon's administrative error.  *See Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 993-94 (4th Cir. 1990) (discussing the elements of unjust enrichment and quasi contract, which require

6

that: (1) the plaintiff have a reasonable expectation of payment; (2) the defendant should reasonably have expected to pay; or (3) society's reasonable expectations of person and property would be defeated by nonpayment).

Thus, the Court looks to Section 221, which sets forth "a concrete application of the 'most significant relationship test." *Mayo*, 354 F.3d at 404.  Section 221 includes the following factors:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship,
> (b) the place where the benefit or enrichment was received,
> (c) the place where the act conferring the benefit or enrichment was done,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.

§ 221(2).

Heinlein is a lifelong Maryland resident who has never lived in or visited Texas.  Venue Transfer Mem. Op. at 2.  There is no allegation or evidence that Heinlein worked for Verizon in any state other than Maryland.  Accordingly, Maryland is the place where the relationship between the parties was centered. Moreover, the overpayment was received and retained in Maryland. In addition, Verizon is a Delaware Corporation with its principal place of business in New York.  *Id*. at 19-20.  Although the Plan is administered and the accounting error occurred in Texas,

7

Maryland's connection to and interest in this litigation is significantly stronger than that of Texas. *Id*. Accordingly, Maryland, not Texas, is the state with the most significant contacts; thus, the Court will apply Maryland's statute of limitations.

Maryland has a three year statute of limitations for civil actions. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Verizon offers no argument that the statute of limitations was tolled by its delayed discovery or that it is entitled to equitable tolling. Indeed, as Verizon (1) could have sued immediately had it discovered its error, and (2) had the information necessary to determine the overpayment at the time the overpayment was made, the statute of limitations began to accrue in September 2002, when the overpayment was made. *See Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (stating that a cause of action accrues "when it is sufficiently ripe that one can maintain suit on it"); *see also Virtual Physical Ctr. Rockville, LLC v. Phillips Med. Sys. North Amer., Inc.*, 2007 WL 824052, *5 (D. Md. 2007) (*citing Poffenberger v. Risser*, 290 Md. 631, 637 (1981)) (stating that under the Discovery Rule the cause of action accrues when the plaintiff has notice of the claim, which is defined as, *inter alia*, "awareness implied from knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry (thus, charging the individual) with notice of all facts which such an

8

investigation would in all probability have disclosed if it had been properly pursued"). As the cause of action accrued more than three years before the October 2005 filing date, Verizon's claim is barred.

C.  Verizon's Motion for leave to file a surreply

As the surreply is offered in response to a discussion of the appropriate Texas statute of limitations and this Court has determined that Maryland's statute applies, Verizon's motion will be denied.

IV. Conclusion

For the reasons discussed above, the Heinlein's motion will be granted, and Verizon's motion will be denied.


April 2, 2007                                /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge