```
              IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THE VERIZON EMPLOYEE           *
BENEFITS COMMITTEE,
                               *
     Plaintiff,
                               *    CIVIL NO. WDQ-06-3022
     v.
                               *
JOHN HEINLEIN,
                               *
     Defendant.
                               *

*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Verizon Employee Benefits Committee ("Verizon") sued John Heinlein to recoup overpayment of benefits from the Verizon Management Pension Plan (the "Plan") made as a result of an administrative error. Pending is Verizon's motion to alter or amend judgment. For reasons discussed below, Verizon's motion will be denied.

I.   Background

Heinlein worked for Verizon, its subsidiaries or predecessor corporation from August 23, 1965 until he retired on December 30, 1995.  Second Am. Compl. ¶ 5.  At that time, he received a lump sum pension distribution of $182,810.58.  *Id.*  Verizon rehired Heinlein on April 29, 1996, and Heinlein retired a second time on June 8, 2002.  *Id.* ¶ 6.  In September 2002, following his second retirement, Verizon again paid him a lump sum pension distribution, this time, for $390,749.89.  *Id.*  Verizon asserts

1

that Heinlein was actually entitled to $204, 923.38.  *Id.* ¶ 7.  Verizon now seeks "equitable recovery" of the overpayment--$185, 826.51.  Verizon Mem. Opp. Mot. at 3.

On October 28, 2005, Verizon filed suit in the United States District Court for the Northern District of Texas.  On November 8, 2006, that court transferred venue pursuant to 28 U.S.C. § 1404(a) to the District of Maryland.  Paper No. 35 (Venue Transfer Mem. Op.).  On December 19, 2006, Heinlein filed a motion for judgment on the pleadings or in the alternative, for summary judgment, arguing that Verizon's claim is barred by the statute of limitations.  Paper No. 43.  For reasons stated in the accompanying Memorandum Opinion (Paper No. 77, the "Opinion"), the Court granted Heinlein's motion for judgment on the pleadings.

On March 17, 2007, Verizon filed a motion to alter or amend judgment, arguing that: (1) the Court improperly considered matters outside of the pleadings when it rendered its decision under Federal Rule of Civil Procedure 12(c); (2) the Court improperly denied Verizon the opportunity to submit a sur-reply when Heinlein raised a new argument[1] in his reply; and (3) there are factual and legal errors in the Court's finding that Verizon

---

[1] Heinlein argued in his reply memorandum (Paper No. 49) that Verizon's cause of action is most analogous to an equitable action for unjust enrichment, thus, even if Texas law is applied, Verizon's suit is barred by the statute of limitations.  *See* Heinlein's Reply Mem. at 3-8.

did not seek to enforce "contractual duties."  Pl.'s Supp. Mem. at 1-2.

II.  Analysis

   A.  Motion to Alter or Amend Judgment

Rule 59(e) "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (*quoting* the Advisory Committee Note to the 1946 amendment of Rule 59).  "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."  *Id.* at 451.

"A district court has the discretion to grant a Rule 59(e) motion in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks omitted). "Moreover, Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." *Id.*

Verizon has failed to show a change in controlling law[2] or

---

[2] Verizon argues in its Notice of Supplemental Authority (Paper No. 86) that a recent opinion by Judge Jorge A. Solis of the United States District Court for the Northern District of Texas relates to its statute of limitations argument, and offers the opinion as persuasive authority. *See Verizon Employee*

3

demonstrate that the Court made a clear error of law.  The Court properly relied on Judge Lindsay's opinion in making its decision and finding that Verizon's claim was barred by Maryland's statute of limitations.  Finding no cause to amend the April 2, 2007 order, Verizon's motion to alter or amend judgment will be denied.

III. Conclusion

    For the reasons stated above, Verizon's motion will be denied.

September 10, 2007                  /s/
Date                              William D. Quarles, Jr.
                                    United States District Judge

---

*Benefits Comm. v. Frawley*,, 2007 WL 2051113 (N.D. Tex. July 12, 2007).  The *Frawley* opinion is neither persuasive nor controlling, thus it was not considered in rendering this decision.